UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATASHA MCALLISTER,

    Plaintiff,

  v.

FREIXENET USA, INC., FREIXENET, S.A.,
and UNKNOWN RETAIL STORE,

    Defendants.

No. 17 CV 557

Judge Manish S. Shah

# MEMORANDUM OPINION AND ORDER

Plaintiff Natasha McAllister was injured when a bottle of champagne exploded and glass made contact with her eye. After initially naming another entity, McAllister has amended her complaint to add defendants Freixenet USA, Inc., and Freixenet, S.A. Freixenet USA moves to dismiss McAllister's claims against it for the failure to state a claim. For the reasons stated below, the motion is denied in part, granted in part.

## I. Legal Standards

A complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I must accept as true all of the facts alleged in the complaint and draw reasonable inferences from those facts in plaintiffs' favor, but I am not required to accept as true the complaint's legal conclusions. *Id.* at 678–79. In considering a motion to dismiss, I am limited to reviewing the complaint, "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to

proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (citation omitted).

**II. Facts**

On February 9, 2015, plaintiff Natasha McAllister received a gift—a bottle of champagne. [29] ¶ 4.[1] Whoever purchased it bought it at an unknown local grocery store. [29] ¶ 4. The bottle was marketed, sold, and/or distributed by defendants Freixenet USA and Freixenet, S.A. [29] ¶¶ 10, 34. When McAllister tried to open the champagne, the bottle exploded. [29] ¶ 5. Some of the glass made contact with McAllister's eye, causing severe injuries that required hospitalization and surgery. [29] ¶¶ 5–7.

McAllister initially brought suit against Freixenet Sonoma Caves, Inc., and the unknown retail store. [1]. Freixenet Sonoma Caves moved to dismiss the complaint and noted that McAllister had sued the wrong entity—she should have sued the parties listed on the label of the bottle, producer Freixenet, S.A., and importer Freixenet USA. [15] at 3. The motion was granted in part on other grounds, and McAllister was granted leave to amend her complaint. *See* [23]; [28]. McAllister's amended complaint removed Freixenet Sonoma Caves as a defendant and added in its stead Freixenet USA and Freixenet, S.A. [29].[2]

---

[1] Bracketed numbers refer to docket numbers on the district court docket. Page numbers are taken from the CM/ECF header at the top of filings.

[2] Freixenet, S.A. has yet to be served or appear in this case.

### III. Analysis

#### A. Relation Back

Freixenet USA argues that McAllister's claims against it are untimely. Its reasoning is that McAllister's claims began to accrue on February 9, 2015, when she alleges the champagne bottle exploded, [29] ¶ 5, and the statute of limitations for her claims is two years. *See* 735 ILCS 5/13-202. But since Freixenet USA was not added as a defendant to McAllister's complaint until the amendment on August 29, 2017, [29], Freixenet USA argues that McAllister's claims are too late. So the question is whether McAllister's amended complaint relates back to the date of her original complaint.

Freixenet USA's main argument is that McAllister should have properly identified the proper parties long ago—their names were written right on the allegedly defective bottle. But relation back depends on "what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010) (emphasis in original).[3] The only two inquiries relevant to determining whether an amended complaint relates back to the date of the original are (1) "whether the defendant who is sought

---

[3] Cases generally assume that state law governs relation back, although the Seventh Circuit has not expressly decided the issue. *See Springman v. AIG Mktg., Inc.*, 523 F.3d 685, 687–88 (7th Cir. 2008). Anyway, "Illinois's relation-back rule is identical to the federal rule." *Id.*; *compare* Fed. R. Civ. P. 15(c)(1)(C), *with* 735 ILCS 5/2-616(d). Illinois courts rely on *Krupski* to analyze the Illinois relation-back statute. *See Owens v. VHS Acquisition Subsidiary No. 3, Inc.*, 78 N.E.3d 470, 479 (Ill. App. Ct. 2017) ("Given the similarity between the federal rule and section 2-616(d), most Illinois courts analyzing section 2-616(d) have relied on this case in interpreting the state statute.").

to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant" and (2) whether "the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011).

Freixenet USA should have known that McAllister meant to sue it. The registered agent who was served for Freixenet Sonoma Caves is the same person who later was served (at the same address) for Freixenet USA, [42-1],[4] and once Freixenet USA was added to the suit, it retained the same counsel that had been representing Freixenet Sonoma Caves. *See Krupski*, 560 U.S. at 544–45 (noting that the added defendant was represented by the same counsel as the original defendant). The fact that the confused parties are "related corporate entities with very similar names" serves to "heighten the expectation that [Freixenet USA] should suspect a mistake has been made when [Freixenet Sonoma Caves] is named in a complaint that actually describes [Freixenet USA's] activities." *Id.* at 556. *See also Joseph*, 638 F.3d at 560. McAllister's original complaint described Freixenet Sonoma Caves as an entity that "designed, licensed, tested, manufactured, marketed, distributed, sold and/or introduced into interstate commerce, either directly or indirectly through third parties or related entities, the champagne bottle in question." [1] ¶ 4. Freixenet USA should have known by that description that

---

[4] McAllister attached copies of the summons to her response brief. [42-1]. They appear to be accurate (and correspond to the summons dates listed on the docket), and Freixenet USA has not contested their accuracy. I take judicial notice of them. *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

4

McAllister meant to sue it, the distributor of the champagne bottle. *See Krupski*, 560 U.S. at 554–55.

Freixenet USA points to the fact that "[m]aking a deliberate choice to sue one party over another while understanding the factual and legal differences between the two parties may be the antithesis of making a mistake" and therefore does not allow for relation back. *Id.* at 549.[5] But there is nothing in the record to suggest that initially naming Freixenet Sonoma Caves was a deliberate litigation tactic. To the contrary, after Freixenet Sonoma Caves argued in its motion to dismiss that it was not the proper entity to sue, [15], McAllister asked to amend her complaint if she sued the wrong party. [21] at 3. This approach does not suggest that McAllister must have known that Freixenet USA was the right party to sue because of the bottle's label, and that the decision to sue Freixenet Sonoma Caves was therefore a deliberate choice. "[T]hat [McAllister] may have known the contents of the [bottle's label] does not foreclose the possibility that she nonetheless misunderstood crucial facts regarding the two companies' identities" *Krupski*, 560 U.S. at 555. Absent evidence to the contrary, Freixenet USA should have known it was a mistake. Nor has Freixenet USA made any argument or showing of prejudice. *See Joseph*, 638

---

[5] Freixenet USA outlines the distinction between a misnomer—"in which the plaintiff has the wrong name of the right party"—and a mistake, arguing that only misnomers can relate back. [37] at 5. An Illinois statute, 735 ILCS 5/2-401(b), does allow misnomers (not mistakes) to be corrected at any time, but that statute does not prohibit relation back from applying to mistakes. To the contrary, the relation-back rule applies to mistakes as well as misnomers. *See Krupski*, 560 U.S. 538 (applying Rule 15(c)(1)(C) to a mistake, not a misnomer); *Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F.App'x 610, 616 n.5 (6th Cir. 2014) ("[Rule 15(c)(1)(C)] applies to more than merely correcting misnomers . . . The Rule's text alone makes that clear.").

F.3d at 560 ("[C]arelessness is no longer a ground independent of prejudice for refusing to allow relation back.").[6]

B.  Counts I and II: Negligence and Strict Liability

Freixenet USA also briefly argues that McAllister's negligence and strict liability claims are insufficiently pleaded. Freixenet USA does not point to any particular elements that are insufficiently pleaded, but rather asserts that McAllister "is attempting to quickly throw out the same generic and baseless 'facts' against the wall in hopes that something may stick" and therefore the complaint lacks necessary detail. [37] at 8. A Rule 12(b)(6) motion is not a proper time for me to determine whether the facts pleaded in McAllister's complaint are baseless, and McAllister "is not required to include 'detailed factual allegations,' just "sufficient detail 'to present a story that holds together.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

"To state a cause of action for negligence under Illinois law, a plaintiff must establish the existence of a duty, the defendant's breach of that duty, and that the breach proximately caused the plaintiff's resulting injuries." *Roh v. Starbucks Corp.*, 881 F.3d 969, 973 (7th Cir. 2018). To determine whether a duty exists, courts consider "(1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant." *Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th

---

[6] Freixenet USA also notes that when I dismissed McAllister's earlier complaint, I expressed a view that relation back would not apply to an amended complaint naming new parties. With the benefit of full briefing on the issue, I changed my mind.

6

Cir. 2018) (citation omitted). McAllister alleges that Freixenet USA was the "distributor, seller and/or supplier" of a champagne bottle that unexpectedly shattered, resulting in glass shrouds hitting her eye and severely injuring her. [29] ¶¶ 5–7, 10. She also alleges that Freixenet USA knew or should have known that the bottle posed a serious risk of harm. [29] ¶ 14. At this point, particularly without argument from Freixenet USA that a duty does not exist under such circumstances, these allegations plausibly state a negligence claim.

"[T]o recover in a strict product liability action, a plaintiff must plead and prove that the injury complained of resulted from a condition of the product, that the condition was unreasonably dangerous, and that it existed at the time the product left the manufacturer's control." *Mikolajczyk v. Ford Motor Co.*, 231 Ill.2d 516, 525 (2008). A product may be unreasonably dangerous based on a physical defect in the product, a design defect, or the manufacturer's failure to warn of the danger. *Id*. McAllister's allegations include that the bottle was defective at the time it was sold and that Freixenet USA did not warn her of the unreasonable danger. [29] ¶¶ 20–21. This is sufficient to state a plausible strict liability claim.

### C. Count III: Implied Warranty

McAllister indicated in her response brief that she is voluntarily dismissing her breach of implied warranty claim against Freixenet USA. [42] at 2. That claim is dismissed without prejudice.

7

## IV. Conclusion

Freixenet USA's motion to dismiss [36] is denied in part, granted in part. Count III is dismissed without prejudice, but the other counts are not dismissed. Freixenet USA shall file an answer to the complaint by June 5, 2018, the parties shall confer on a proposed discovery schedule, and file a joint initial status report by June 5, 2018. A status hearing is set for June 13, 2018 at 9:30 a.m.

ENTER:

                                                 Manish S. Shah
                                                 United States District Judge

Date: May 15, 2018